UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANA M. JOHNSON,

    Plaintiff,

vs.                                                   Case No. 3:11-cv-651-J-37MCR

STRYKER CORPORATION, et al.,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 44) filed January 9, 2012. Plaintiff filed a response in opposition to this Motion on January 31, 2012. (Doc. 48). After being granted leave to do so, Defendants filed a Reply (Doc. 53) on February 7, 2012. Accordingly, the matter is now ripe for judicial review.

## **I. BACKGROUND**

The instant litigation involves Plaintiff's allegations of negligence and strict liability against Defendants based on injuries suffered by Plaintiff resulting from a pain pump which was surgically implanted in Plaintiff's shoulder. (Doc. 2). According to the Complaint, the pain pump caused the cartilage in Plaintiff's shoulder to disintegrate. (Doc. 2).

On September 1, 2011, Defendants, Stryker Corporation and Stryker Sales Corporation (herein collectively referred to as Defendants) served Plaintiff with their first set of Interrogatories, Requests to Produce, and Requests for Admissions. Plaintiff

-1-

served her responses to the Requests for Admissions on September 27, 2011 and her responses to the Interrogatories and Requests for Production on October 14, 2011. Defendants contend these responses are incomplete and evasive. Plaintiff responds that Defendants already have the information they seek through these discovery requests. (Doc. 48).

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, Defendants claim several of Plaintiff's responses to their interrogatories and requests for production of documents are deficient. The Court will address each of Defendants' contentions.

### A. <u>Interrogatories</u>

First, Defendants contend Plaintiff has failed to adequately respond to Interrogatory No. 7, which asked Plaintiff to:

> [i]temize all damages (INCLUDING all special damages or other damages) sought by YOU in this ACTION, provide the amounts for each and state how each amount was computed.

(Doc. 44, p.4). Rather than provide any specifics, Plaintiff simply stated: "I have incurred out-of-pocket expenses for hospitalization, follow-up medical care, and prescriptions. The exact amount is undetermined at this time." <u>Id.</u> In her response to the Motion to Compel, Plaintiff took the position that her response was appropriate because the exact amount of damages she is seeking will be the subject of expert testimony, which will be provided in her Rule 26 disclosure. (Doc. 48, p.4). Also, Plaintiff takes the position that Defendants have the records which would be necessary to determine this information and once Defendants provide those records to Plaintiff, she will be able to supplement her response. <u>Id.</u> This is not sufficient.

This case has been pending for over seven months. Information regarding Plaintiff's damages is clearly relevant and information to which Defendants are entitled. As another court held:

> while an expert . . . may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed. Rule 11, Fed.R.Civ.P., requires no less. Rule 11 is designed to insure that allegations in a complaint, drafted by a member of the Bar, are supported by sufficient factual information at the time the claims are initially asserted. It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to

> determine their losses. They should have answered the
> interrogatories with such information as they then
> possessed, and pursuant to Rule 26(e), Fed.R.Civ.P. the
> plaintiffs have the option, indeed even the duty, to
> supplement their answers to these interrogatories to reflect
> refinements or corrections to the factual representations as
> to their asserted losses up to the time of the final pretrial
> conference under Rule 16, Fed.R.Civ.P.

King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5-6 (D. D.C. 1987); see also Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007) (noting that Rule 26 requires a party to "make its initial disclosures based on the information then reasonably available to it" and the party is "not excused from making its disclosures because it has not fully completed its investigation of the case . . ."). Likewise, in this case, Plaintiff must answer Interrogatory No. 7 with the information she now possesses and is obligated to supplement her response after any expert has made further calculations.

Defendants also argue Plaintiff's response to Interrogatory No. 19 is incomplete. Interrogatory No. 19 asked Plaintiff to identify all facts supporting any response to the Requests for Admission which was not an unequivocal admission. Plaintiff responded by saying she had "made reasonable inquiry of Plaintiff and treating physician [sic], the defendant and facility [sic]. Investigation is ongoing at this time to identify the actual pain pump used." (Doc. 44, p.6). In her response to the Motion to Compel, Plaintiff argues there are no documents identifying the pain pump implanted in Plaintiff's shoulder and therefore, "you can't make someone produce information or documentation that they simply don't have." (Doc. 48, pp. 4-5). However, the interrogatory at issue does not ask for documents, it asks for facts. If Plaintiff does not

-4-

have any facts to support her denials to the requests for admissions, she must state so in her response to this interrogatory. Accordingly, the Court will require Plaintiff to file a supplemental response to this interrogatory.

Next, Defendants argue Plaintiff's response to Interrogatory No. 20 is also insufficient. This interrogatory asked Plaintiff to identify all documents supporting any response to the Requests for Admission which was not an unequivocal admission. Plaintiff responded by producing two CDs containing over 300 medical literature articles. In her response to the Motion to Compel, Plaintiff basically admitted that the articles and her medical records are the only documents she has to support her denials. The Court agrees with Defendants that simply referring to the CDs is not sufficient. Accordingly, Plaintiff will revise her response to Interrogatory No. 20 to identify by Bates Number the documents which support her denials.

Finally, Defendants contend Plaintiff failed to properly respond to Interrogatory No. 21 which requested the identities of every person who could support any response to the Requests for Admission which was not an unequivocal admission. Plaintiff's response to this interrogatory was simply: "[i]nvestigation is ongoing at this time." Plaintiff admits that her response to this interrogatory was inadequate. Accordingly, Plaintiff shall identify any person whom she believes can support any of her denials to the requests for admissions.

### B. Requests to Produce

Defendants argue several of Plaintiff's responses to their requests to produce documents are insufficient. Essentially, Defendants asked Plaintiff to produce

documents supporting her claim the pain pump was defective and her damages, all of her medical records, and any documents supporting her denials to the requests for admissions. Plaintiff responded to these requests by producing three CDs of medical records and medical literature. Defendants want Plaintiff to more fully respond to the requests and to "assur[e] that she has conducted both a reasonable inquiry of persons and a reasonable search for documents in order to produce all documents in her possession, custody, or control." (Doc. 44, p.11). With the exception of Request No. 37[1], the Court finds Plaintiff's responses to be adequate. Plaintiff is not required to certify in her response to each request that she has made a reasonable inquiry of persons and a reasonable search for documents. Instead, it is expected and presumed that such inquiry and search have been conducted. See Middle District Discovery (2001) at 2 ("[a] party responding to a discovery request should make diligent effort to provide a response that (i) fairly meets and complies with the discovery request and (ii) imposes no unnecessary burden or expense on the requesting party"). If Plaintiff or her attorney are later discovered to have attempted to abuse the discovery process, they "can expect the Court to deal [with them] appropriately." Middle District Discovery (2001) at 14. However, at this time, the Court will accept Plaintiff's assertion that the only documents she has to support her claims of defect, her damages, and her denials to the Requests for Admissions are those documents produced. Plaintiff is reminded of her duty to supplement or correct her responses pursuant to Rule 26(a).

---

[1] Plaintiff admits her response to Request No. 37 is contradictory. As such, Plaintiff is directed to serve Defendants with a revised response to Request No. 37.

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 44) is **GRANTED in part and DENIED in part** as provided in the body of this Order. Plaintiff shall provide the revised responses to the discovery requests referenced in this Order no later than **Friday, March 2, 2012**.[2]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __14th__ day of February, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] In the instant Motion, Defendants ask for sanctions against Plaintiff. While the Court has granted the Motion to Compel in part, it finds sanctions are not appropriate at this point. While Defendants sent numerous written communications to Plaintiff, there is no evidence Defendants participated in a personal meeting or telephone conference to discuss the deficiencies as is required in this Court. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 (M.D. Fla. Aug. 14, 2000). As it appears counsel for Defendants made no attempt to "communicate" with opposing counsel prior to filing the motion to compel, the undersigned believes an award of sanctions would be unjust. Nevertheless, if another motion to compel is filed, the Court will not hesitate to sanction any party or attorney it finds to be taking unreasonable positions or behaving in an unreasonable manner.